RAYMOND NARDO, P.C.
129 Third Street
Mineola, NY 11501
(516) 248-2121 (TEL)
(516) 742-7675 (FAX)
raymondnardo@gmail.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

RENITA BRICE

       Plaintiff,       **COMPLAINT**

  -against-

BEST COMPANION HOMECARE SERVICES, Inc.,
PATRICIA PACAUD-BREZAULT, as an individual

       Defendants.

------------------------------------------------------------------X

  Plaintiff RENITA BRICE, by her attorney, Raymond Nardo, Esq. complaining of defendants BEST COMPANION HOMECARE SERVICES, Inc., PATRICIA PACAUD-BREZAULT, as an individual (collectively referred to herein as "defendants"), alleges:

## NATURE OF THE ACTION

 1. This action arises out of defendants' failure to pay overtime pay and other monies as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL").

 2. Defendants have systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid overtime, liquidated damages, violations of the Wage Theft Prevention

1

Act, pre-judgment and post-judgment interest, counsel fees, and costs pursuant to the FLSA and the NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 as defendant BEST COMPANION HOMECARE SERVICES, Inc. is located at 28 West Main Street, Ste. 203, Bay Shore, NY 11706, which is in Eastern District of New York, and the causes of action arose in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

5. Plaintiff RENiTA BRICE resides in Copiague, New York, which is located in the Eastern District of New York. Plaintiff worked for defendants from April 2016 through March 2017 as a Nursing Coordinator.

6. In this capacity, she assisted with administrative functions, such as answering phones, filing, and assisting the payroll coordinator, and assigned home health aides to care for clients of BEST COMPANION HOMECARE SERVICES, Inc.

7. Plaintiff's primary duties were non-exempt duties, as set forth above.

8. Defendants paid plaintiff by the hour.

9. Plaintiff worked under the supervision of defendant PATRICIA PACAUD-BREZAULT, owner and/or President of the defendant corporation.

**Defendants**

10. Defendant BEST COMPANION HOMECARE SERVICES, Inc., is a domestic corporation located in the Eastern District of New York.

11. Defendant BEST COMPANION HOMECARE SERVICES, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. Defendant BEST COMPANION HOMECARE SERVICES, Inc. has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as packages shipped across State lines, including pens, pads, computers, phone, fax machine, file folders; and (2) an annual gross volume of sales in excess of $500,000.00.

13. Defendant PATRICIA PACAUD-BREZAULT ("BREZAULT") is sued individually in her capacity as an owner, officer and/or agent of BEST COMPANION HOMECARE SERVICES, Inc. because she has authority to exercise sufficient control over BEST COMPANION HOMECARE SERVICES, Inc.'s operations to be considered plaintiff's employer under the FLSA and NYLL.

14. At all times material herein, BREZAULT had the authority to hire and fire employees for BEST COMPANION HOMECARE SERVICES, Inc.

15. At all times material herein, BREZAULT had the authority to set wages for BEST COMPANION HOMECARE SERVICES, Inc.

16. At all times material herein, BREZAULT had the authority to, and did, establish and exercise authority regarding the pay practices at BEST COMPANION HOMECARE SERVICES, Inc.

17. At all times material herein, BREZAULT had the authority to, and maintained, payroll records for BEST COMPANION HOMECARE SERVICES, Inc.

18. The business activities of Defendants are related and performed through unified operation or common control for a common business purpose and thereby constitute an enterprise within the meaning of the FLSA, thus rendering the defendants as a unified "enterprise" under the FLSA.

**DEFENDANTS' FAILURE TO PAY OVERTIME FOR
ALL WEEKLY HOURS WORKED OVER FORTY**

19. The FLSA and NYLL require that employers pay employees one and one half (1½) times their regular rate of pay ("overtime pay") for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

20. Plaintiff worked as a Nursing Coordinator from April 2016 through March 2017.

21. During the above time period, plaintiff was a non-exempt employee under the FLSA and NYLL.

22. During the above time period, plaintiff was paid by the hour.

23. During the above time period, plaintiff regularly worked over forty hours per week, but did not receive overtime pay.

24. Instead, during this time period, plaintiff was paid an hourly rate, without premium pay at the rate of time and one half of her regular rate of pay, in violation of the FLSA and NYLL.

**DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT**

25. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire.

26. Plaintiff was never given a notice, either at the time of hire or thereafter, as required by § 195 of the New York Labor Law, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

27. Defendants violated NYLL § 195(3) by failing to furnish plaintiff with each payment of wages a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

**FIRST CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

28. Plaintiff repeats and realleges each paragraph above, as though fully set forth herein.

29. Defendants are "employers" within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and therefore employed plaintiff.

5

30. Defendants were required to pay plaintiff no less than the minimum wage under Federal Law, and one and one-half (1½) times the regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

31. Defendants failed to pay plaintiff the minimum wage and overtime wages to which she was entitled under the FLSA.

32. Defendants wilfully violated the FLSA by knowingly and intentionally failing to pay plaintiff minimum and overtime wages in accord with a policy, custom, and/or practice of Defendants.

33. Due to defendants' violations of the FLSA, plaintiff is entitled to recover unpaid minimum wage, overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**SECOND CLAIM**
**(New York Labor Law – Unpaid Overtime)**

34. Plaintiff repeats and realleges each paragraph above as though fully set forth herein.

35. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and defendants therefore employed plaintiff.

36. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff minimum wage and one and one-half (1 ½) the regular rate of pay for all hours she worked in excess of forty hours per week.

6

37. Defendants failed to pay plaintiff the minimum wage and overtime wages to which she was entitled under the NYLL.

38. Defendants wilfully violated the NYLL by knowingly and intentionally failing to pay plaintiff's minimum wage and overtime wages.

39. Due to defendants' wilful violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wage, overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

40. Plaintiff repeats and realleges each of the above paragraphs as if fully set forth herein.

41. Defendants violated NYLL § 195(1) by failing to furnish plaintiff, at the time of hiring and before February 1st of each subsequent year, with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

42. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys' fees, and costs and

disbursements of the action, pursuant to the NYLL § 198(1-b), or $50.00 per day, for each day that the violation occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

43. Defendants violated NYLL § 195(3) by failing to furnish plaintiff with each payment of wages a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

44. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $100 per workweek that the violation occurred, up to a maximum of $2,500, and damages of $250 per day, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

45. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully request that this Court enter a judgment:

 a. declaring that defendants have violated the minimum wage and overtime provisions of the FLSA and the NYLL;

 b. declaring that defendants' violations of the FLSA and the NYLL

were wilful;

      c.      enjoining future violations of the FLSA and the NYLL;

      d.      awarding plaintiff damages for unpaid minimum wage and overtime wages;

      e.      awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

      f.      awarding plaintiff liquidated damages as a result of defendants' failure to furnish wage statements and annual notices pursuant to the NYLL

      g.      awarding plaintiff pre-judgment interest and post-judgment under the FLSA and the NYLL;

      h.      awarding plaintiff reasonable attorneys fees' and costs and disbursements, pursuant the FLSA and the NYLL; and

      i.      awarding such other and further relief as the Court deems just and proper.

Dated:  Mineola, NY
          May 12, 2017

 

_____
Raymond Nardo, Esq.
Raymond Nardo, P.C.
129 Third Street
Mineola, NY 11501
raymondnardo@gmail.com
(516) 248-2121
*Attorney for Plaintiff*